

INSTITUTE FOR JUSTICE

May 17, 2024

**Via Electronic Filing**
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    RE:    *Erma Wilson v. Midland County, et al.*, No. 22-50998

Dear Mr. Cayce:

I am writing to correct for the Court an erroneous answer I gave during the en banc oral argument in *Wilson v. Midland County*, 22-50998.

At 29:25 of the argument recording, Judge Oldham asked: "Do you have a case anywhere in the United States from any court that has ever said you can bring a claim, lose it in state habeas, and then vindicate the same claim in 1983 in federal court?" I answered "no." But the answer is yes.

In *Savory v. Cannon*, the plaintiff unsuccessfully "exhausted direct appeals and post-conviction remedies in state court, [then] unsuccessfully sought federal habeas corpus relief." 947 F.3d 409, 412 (7th Cir. 2020) (en banc). Decades later, after release from prison, he obtained a pardon and "less than two years after the pardon, [he] filed suit" under § 1983. The Seventh Circuit held that the claim must proceed—and neither the majority nor the dissent would have held that the failure of habeas forever blocked a § 1983 action.

That failure of habeas may inform when some § 1983 claims *accrue*, based on concerns about relitigating actual innocence (as in *Savory*, where the claim sounded in malicious prosecution and therefore was all about innocence). *See* footnote 8 (pages 27–28) of Appellant's en banc brief. But those concerns are absent with a claim, like Wilson's, that is "'absolute' in the sense that it does not depend on the merits of [her] substantive assertions." *Carey v. Piphus*, 435 U.S. 247, 266 (1978).

ARLINGTON    AUSTIN    CHICAGO    MIAMI    PHOENIX    SEATTLE

901 N. Glebe Road, Suite 900  Arlington, VA 22203   P: (703) 682-9320   F: (703) 682-9321
general@ij.org    www.ij.org

To be sure, even that claim might be precluded if it was or could have been litigated in previous proceedings. But preclusion concerns are answered by preclusion doctrines. They do not require a *Carey*-type claim's *accrual* to hinge on the plaintiff's having vacated her conviction, because that claim prevails regardless of guilt or innocence and therefore lacks the inherent tension posed by a claim that requires the § 1983 court to find that the conviction was factually baseless, as malicious prosecution does.

In the absence of any federal statutory conflict (as here), nothing overcomes § 1983's presumptive availability for such claims.

I thank the Court for its attention.

> Respectfully submitted,
>
> /s/ Jaba Tsitsuashvili
> Jaba Tsitsuashvili
> INSTITUTE FOR JUSTICE
> Counsel for Appellant

cc: Counsel of Record (via ECF)